UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: PARESH VASANT PATEL, | ) | |
| | ) | |
| Debtor. | ) | 13 C 103 |
| _____ | ) | |
| | ) | Judge Feinerman |
| PARESH VASANT PATEL, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | Appeal from: |
| | ) | |
| EMIL BENZAKRY and EMIL & SONS LLC, | ) | 11 B 7905 |
| | ) | 11 A 1218 |
| Appellees/Cross-Appellants. | ) | |
| _____ | ) | _____ |
| | ) | |
| In re: KALPITA PARESH PATEL, | ) | |
| | ) | 13 C 657 |
| Debtor. | ) | |
| _____ | ) | Judge Feinerman |
| | ) | |
| KALPITA PARESH PATEL, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | Appeal from: |
| | ) | |
| EMIL BENZAKRY and EMIL & SONS LLC, | ) | 10 B 15570 |
| | ) | 11 A 447 |
| Appellees/Cross-Appellants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is an appeal from final decisions of the bankruptcy court in the related and materially identical adversary proceedings captioned above. The cases will be discussed together, and all docket references are to Case No. 13 C 103 unless otherwise noted. Defendants-Appellants/Cross-Appellees Paresh and Kalpita Patel sought discharge of their debts

1

under Chapter 7 of the Bankruptcy Code. Two of their alleged creditors, Plaintiffs-Appellees/Cross-Appellants Emil Benzakry and Emil & Sons LLC, commenced adversary proceedings in which they asserted three alternative grounds to deny the Patels discharge of their debts: (1) that the Patels made false or fraudulent statements to Plaintiffs, *see* 11 U.S.C. § 523(a); (2) that the Patels failed to retain business records "from which the debtor's financial condition or business transactions might be ascertained," 11 U.S.C. § 727(a)(3); and (3) that the Patels failed to "explain satisfactorily … any loss of assets or deficiency of assets to meet the debtor's liabilities," 11 U.S.C. § 727(a)(5). Doc. 1-3 at pp. 9-13. Plaintiffs moved for summary judgment on the §§ 727(a)(3) and 727(a)(5) grounds, and the Patels filed cross-motions for summary judgment on all three grounds. The Patels also moved to strike certain portions of Plaintiffs' Statements of Undisputed Material Facts.

The bankruptcy court granted Plaintiffs' summary judgment motions on both the § 727(a)(3) ground and the § 727(a)(5) ground, and denied the Patels' motions. The court articulated its reasoning in an oral ruling, the transcript of which reads as follows:

> THE COURT: We have cross motions for summary judgment in two different adversaries [the adversary proceeding against Paresh Patel and the adversary proceeding against Kalpita Patel], and I will give you my decisions in the order that things are on the court's call.
>
> I'll deny the motion to strike the plaintiff's statement of the undisputed facts. I think it's fine.
>
> I'll deny [the Patels'] motion for summary judgment. It's not well-taken.
>
> I will grant [Plaintiffs'] motion for summary judgment. I think the counts under 727(a)(3) regarding keeping records, and (a)(5) regarding not explaining lost assets, are both overwhelming and not subject to factual dispute. So the motion for summary judgment is granted. The clerk can close the adversary.

> Similar rulings in the other matter, and the clerk can close the other adversary also.
>
> The motion to strike is denied. [The Patels'] motion for summary judgment is denied, and [Plaintiffs'] motion for summary judgment is granted.

Doc. 12-1 at 2-3; *see also* Doc. 24 at 1 (where Paresh states: "The rationale by the bankruptcy judge for the decisions on various matters in this case is contained in the transcript dated December 7, 2012. … There is no other reference in the appellate record or bankruptcy record or elsewhere that contains the rationale for the decisions other than in the transcript as cited."). The Patels appealed to this court, and Plaintiffs cross-appealed the bankruptcy court's denial of their motions for costs under Bankruptcy Rule 7054.

This court has appellate jurisdiction under 28 U.S.C. § 158(a)(1), which grants the district courts jurisdiction to hear appeals from final judgments of bankruptcy courts entered in cases referred under 28 U.S.C. § 157. Here, the bankruptcy court entered final judgments by disposing of Plaintiffs' adversary proceedings against the Patels in their entirety. *See Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008) ("[T]he test we have utilized to determine finality under § 158(d) is whether an order resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee. … [T]he final disposition of any adversary proceeding falls within our jurisdiction."); *Fifth Third Bank v. Edgar Cnty. Bank & Trust*, 482 F.3d 904, 905 (7th Cir. 2007) ("A final resolution of any adversary proceeding is appealable, as it is equivalent to a stand-alone lawsuit."). Because the bankruptcy court granted summary judgment to Plaintiffs, this court's review is *de novo*. *See Dick v. Conseco, Inc.*, 458 F.3d 573, 577 (7th Cir. 2006) ("In a second appeal from a bankruptcy court's decision, we apply the same standard of review as did the district court, which in the case of the bankruptcy court's grant of summary judgment, is de novo.") (internal quotation marks omitted).

The Patels' appeals raise five issues: (1) whether the bankruptcy court erred in granting summary judgment to Plaintiffs under § 727(a)(3); (2) whether the bankruptcy court erred in granting summary judgment to Plaintiffs under § 727(a)(5); (3) whether the bankruptcy court erred in denying the Patels' motion to strike; (4) whether the bankruptcy court erred in denying the Patels' motion for summary judgment on the §§ 523 and 727 grounds; and (5) whether the bankruptcy court erred in denying a discharge to the Patels. Plaintiffs' cross-appeals raise one issue: whether the bankruptcy court erred in ruling that the Patels' appeals to this court deprived the bankruptcy court of jurisdiction to hear Plaintiffs' motions for costs under Federal Rule of Bankruptcy Procedure 7054. Those issues are considered in turn.

**I.    The Patels' Appeals**

The bankruptcy court's grant of summary judgment to Plaintiffs rested on two independent grounds—that the Patels failed to retain business records "from which the debtor's financial condition or business transactions might be ascertained," 11 U.S.C. § 727(a)(3), and that the Patels failed to "explain satisfactorily … any loss of assets or deficiency of assets to meet the debtor's liabilities," 11 U.S.C. § 727(a)(5). Only one of those grounds is necessary to sustain the bankruptcy court's judgment.

Section 727(a)(5) of the Bankruptcy Code provides in relevant part that "[t]he court shall grant the debtor a discharge, unless— … (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtors liabilities …." "Section 727(a)(5) is broadly drawn and clearly gives a court broad power to decline to grant a discharge in bankruptcy where the debtor does not adequately explain a shortage, loss, or disappearance of assets." *In re Martin*, 698 F.2d 883, 886 (7th Cir. 1983). In *In re D'Agnese*, 86 F.3d 732 (7th Cir. 1996), the Seventh Circuit affirmed the

bankruptcy court's denial of discharge on the basis of § 727(a)(5) where the debtor conceded that she had possessed "various pieces of jewelry …, Waterford crystal decanters, and sterling silver serving pieces" with a combined value of over $300,000, and claimed that she had sold some of these items to a friend but provided no documentation of the sale. *Id*. at 733.

Although the Patels purport to challenge the bankruptcy court's ruling that they failed to provide the satisfactory explanation required by § 727(a)(5), they have forfeited their argument by failing to develop or support their challenge. On appeal, the Patels' argument on § 727(a)(5) is limited to the following:

> **II. THE BANKRUPTCY COURT ERRED WHEN IT FOUND THAT PARESH PATEL VIOLATED SECTION 727(A)(5) OF THE BANKRUPTCY CODE.**
>
> **A. There was no failure of the Debtor to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities.**
>
> It is an untrue statement to say that Defendant has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities. All the Purchase and Sale transactions regarding KAP Family Investments, LLC have been disclosed and a copy of all such transactions (Buy and Sell) has been provided to the Plaintiff. Also, the Tax Returns of KAP Family Investments, LLC show the balance sheet that reflects such transactions were valid and proper. (Dkt. 10, *Paresh Patel's Answers to Interrogatories*, p. 16, par. 3).
>
> The defendant properly maintained all appropriate books and records, and turned over such records to the plaintiff's attorney, including the following: email communication between Paresh Patel, Devid Levin and Emil Benzakry; Financial Statement, Gas Sales, Store sales and other due diligence documents received from Petrol Corp. prior to purchase of the Rock Falls, Illinois gas station by KAP; KAP Tax Returns for 2006, 2007, 2008, and 2009; Articles of Incorporation; KAP Business Checking bank statements from JP Morgan Chase, and Buyout Agreement between Kalpita Patel and Anjali Agarwal. (Dkt. 10, *Paresh Patel's Answers to Interrogatories*, pp. 10, 15).

Doc. 5 at 10-11; Doc. 5 (13 C 657) at 10-11. In their reply brief, the Patels merely repeat the second of the two paragraphs quoted above. Doc. 20 at 18-19; Doc. 17 (13 C 657) (adopting the

5

reply brief in 13 C 103).  Although the quoted passage includes a subheading A, there is no subheading B—the passage is immediately followed by Section III of the brief, which challenges the bankruptcy court's denial of the Patels' motion to strike.  Doc. 5 at 11.

The Patels' argument regarding § 727(a)(5) is so thin as to constitute a forfeiture.  All the Patels do is assert in conclusory fashion that they did not violate § 727(a)(5) and then name a litany of documents they claim to have turned over to Plaintiffs; they do not cite relevant legal authorities or even say where those documents are in the record on appeal, except for Paresh's answers to interrogatories.  Even supposing that the Patels did turn over the documents they reference, they do not say how those documents explain what became of their assets or offer any argument as to why that explanation is satisfactory—which is a problem, as "§ 727(a)(5) requires a *satisfactory* explanation for the whereabouts of a debtor's assets."  *In re D'Agnese*, 86 F.3d at 734 (emphasis in original).  "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."  *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also DDI Seamless Cylinder Int'l, Inc. v. Gen. Fire Extinguisher Corp.*, 14 F.3d 1163, 1168 (7th Cir. 1994) ("An issue must be pressed, must be argued and supported; a bare conclusion is not enough."); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 537 n.5 (7th Cir. 1992) ("Once again we observe that compelling the court to take up a burdensome and fruitless scavenger hunt for arguments is a drain on its time and resources.").

The most that can be said for the Patels, though perhaps even this is too generous, is that they turned over documents from which a person with the relevant expertise in accounting or recordkeeping could derive a satisfactory explanation of the whereabouts of their assets, and that they gave this court a vague description of those documents.  If all that is true, then perhaps the court could dig through the record, find the referenced documents, analyze them at length in light

6

of the governing legal authorities, and ultimately piece together a satisfactory explanation of what became of the Patels' assets. But § 727(a)(5) puts the burden of coming up with that satisfactory explanation on the Patels, not on the court. After all, "[j]udges are not like pigs, hunting for truffles buried in briefs," *Contilli v. Local 705 Int'l Bhd. of Teamsters Pension Fund*, 559 F.3d 720, 724 (7th Cir. 2009) (quoting *Dunkel*, 927 F.2d at 956), or in the record, *Gross v. Town of Cicero*, 619 F.3d 697, 702 (7th Cir. 2010). The record in these two appeals is substantial; Paresh's record "contains hundreds of documents spread across 86 docket entries," Doc. 22, while Kalpita's record "contains hundreds of documents spread across 34 docket entries," Doc. 20 (13 C 657). This court need not and will not "root through the hundreds of documents and thousands of pages that make up the record here to make [the Patels'] case for [them]." *Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d 990, 1001 (7th Cir. 2004).

Section 727(a)(5), taken alone, provides a sufficient ground for the bankruptcy court's denial of discharge. *See In re Martin*, 698 F.2d at 886 (referring to § 727(a)(5) as an "independent ground[] upon which a discharge must be denied to this debtor"). Thus, the bankruptcy court's disposition of the adversary proceedings can be affirmed on the ground that the Patels have forfeited their challenge to that court's § 727(a)(5) ruling. True, a violation of § 727(a)(5) does not *require* a denial of discharge—it is a sufficient, not a necessary, condition for denial. *See In re Suttles*, 819 F.2d 764, 766 (7th Cir. 1987) ("Because the bankruptcy court found that Marietta Suttles' violation of § 727(a)(5) was an innocent one, it therefore did not abuse its discretion in granting her a discharge."). But the Patels' sole ground for reversing the denial of discharge is their argument that the bankruptcy court's § 727 rulings were erroneous: "In reversing the Bankruptcy Court's finding of violations of Section 727 of the Bankruptcy Code, the Court must reverse the denial of discharge and direct the Bankruptcy Court to issue a

discharge to the Debtor." Doc. 5 at 16; *see also* Doc. 20 at 22.  Thus, the Patels have forfeited any argument that this court should reverse the denial of discharge even if the § 727(a)(5) ruling is affirmed.  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[w]e apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue"); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

Because this court affirms the denial of discharge on the basis of § 727(a)(5), there is no need to address Plaintiffs' two other grounds for denial of discharge under §§ 523 and 727(a)(3).  This disposition also moots the Patels' appeal of the bankruptcy court's denial of their motion to strike certain portions of Plaintiffs' Statement of Undisputed Material Facts.  Even if those portions should have been stricken, the Patels do not explain how striking those portions would buttress their skeletal argument that the denial of discharge under § 727(a)(5) was inappropriate.  Because discharge would be denied under § 727(a)(5) with or without the challenged portions, whether the bankruptcy court should have been stricken them is irrelevant.

## II. Plaintiffs' Cross-Appeals

In their cross-appeals, Plaintiffs contend that the bankruptcy court denied their motions for costs under Bankruptcy Rule 7054 on the ground that it "believe[d] that [it] lost jurisdiction once [it] was notified orally that defendant had filed an appeal."  Doc. 14 at 48.  Plaintiffs do not provide any citation to the record to support their assertion that the bankruptcy court denied their motion for costs on that ground.  But the Patels do not dispute Plaintiffs' assertion—indeed, their reply contains no response to the cross-appeal whatsoever—and so the court will take it as true.

Plaintiffs are right that a bankruptcy court retains jurisdiction to consider a Bankruptcy Rule 7054 motion for costs even after a notice of appeal to the district court has been filed.  On

8

this point, the court adopts the reasoning of *Roth v. Mims*, 298 B.R. 272, 299 (N.D. Tex. 2003). *See also In re Borges*, 2013 WL 1856437, at *1 (Bankr. D.N.M. May 2, 2013) ("A bankruptcy court retains jurisdiction after an appeal is filed, however, to award costs under Bankruptcy Rule 7054.") (citing *Roth*). As *Roth* explains, a district court retains jurisdiction to award costs under Federal Rule of Civil Procedure 54(d) even where a notice of appeal to the court of appeals has been filed, and there is no reason why a motion for costs under Bankruptcy Rule 7054, which contains language similar to that found in Civil Procedure Rule 54(d), should be treated differently. So the bankruptcy court had jurisdiction to entertain Plaintiffs' motions for costs, and these cases will be remanded to allow the bankruptcy court to do so.

### III. Plaintiffs' Request for Sanctions under Bankruptcy Rule 8020

Plaintiffs request sanctions in this court under Bankruptcy Rule 8020 on the ground that the Patels' appeals are frivolous. Doc. 14 at 9, 48-49. Rule 8020 provides that "[i]f a district court … determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court … and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *See In re Sokolik*, 635 F.3d 261, 270-71 & nn.3-4 (7th Cir. 2011) (discussing the standard applicable to Rule 8020 motions). Plaintiffs make their Rule 8020 request in their brief responding to the Patels' opening appeal briefs. Doc. 14 at 9, 48-49. But Rule 8020 is explicit in allowing for sanctions only upon "a separately filed motion or notice from the district court." There has been no such separately filed motion in this case, and nor has this court notified the parties that it is considering awarding costs. Because neither predicate for Rule 8020 sanctions is present, an award under that rule would be inappropriate.

9

This holding is in keeping with the Seventh Circuit's view of Federal Rule of Appellate Procedure 38, which allows a court of appeals to award costs for a frivolous appeal "after a separately filed motion or notice from the court and reasonable opportunity to respond"—essentially the same language as in Bankruptcy Rule 8020. Under Appellate Rule 38, "a statement inserted in a party's brief that the party moves for sanctions is not sufficient notice." *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 761 (7th Cir. 2005) (internal quotation marks omitted); *see also Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 n.4 (7th Cir. 2011) ("Rule 38 requires either a separately filed motion or that we give notice we are considering sanctions."). Because Bankruptcy Rule 8020 should be construed the same way, Plaintiffs' request for sanctions under that rule is denied. *Cf. Kvinlaug v. Claire's Stores, Inc.*, 2013 WL 1195702, at *21 (N.D. Ill. Mar. 22, 2013) (holding that a request for attorney fees under 29 U.S.C. § 1132(g)(1) must be made by separate motion and not in a merits brief).

\* \* \*

For the foregoing reasons, the bankruptcy court's judgments are affirmed, with the exception of its denials of Plaintiffs' Bankruptcy Rule 7054 motions for costs. These cases are remanded to the bankruptcy court solely to allow it to rule on the Rule 7054 motions. Plaintiffs' requests for sanctions under Bankruptcy Rule 8020 are denied.

May 15, 2013

                                            United States District Judge